IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-40312
Summary Calendar
_____

PATRICK G. HENRY,

Petitioner-Appellant,

versus

KATHLEEN HAWK, in her official capacity
as Director, Federal Bureau of Prisons;
FEDERAL BUREAU OF PRISONS; EDWARD F.
REILLY, in his official capacity as Chairman,
U.S. Parole Commission; U.S. PAROLE COMMISSION,

Respondents-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 5:94-CV-105
- - - - - - - - - -
November 13, 1995

Before WIENER, PARKER, and DENNIS, Circuit Judges

PER CURIAM:[*]

Patrick G. Henry appeals the denial of his habeas corpus petition concerning the Parole

Commission reopening the determination of Henry's parole date for consideration of new adverse

information. See 28 U.S.C. § 2241; 28 C.F.R. § 2.28(f).

Henry argues that the Commission exceeded its authority to reopen because the

information relied upon by the Commission to reopen was not new adverse information under §

2.28(f). Henry contends that the information was before the Commission, through the PSR, when

_____

        Local Rule 47.5 provides:  "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession."  Pursuant to that Rule, the court has determined that this opinion should not be published.

the original parole determination was made. The record indicates that the packet of information, sent by the former state prosecutor and containing details of Henry's state conviction, Henry's method of preparation for violent acts, and explanation of the items discovered during the federal investigation, was not before the Commission during the initial determination. Therefore, the Commission properly reopened the case pursuant to § 2.28(f). See Frassetto v. Perrill, 955 F.2d 176, 178 (2d Cir. 1992).

Henry challenges the Commissioner's determination which effectively denied parole to him. Although the Commission's decision must have a factual basis, judicial review of a decision is limited to whether there is "some evidence" in the record to support the decision, Maddox v United States Parole Commission, 821 F.2d 997, 999 (5th Cir.1987). A review of this record indicates that there is "some evidence" to support the Commission's decision.

AFFIRMED.